UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-33-GWU

ARTHUR BRANUM,                                                    PLAINTIFF,

VS.                          **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                     DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative

denial of his applications for Disability Insurance Benefits (DIB) and Supplemental

Security Income (SSI).  The appeal is currently before the court on cross-motions

for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1.   Is the claimant currently engaged in substantial gainful activity?
     If yes, the claimant is not disabled.  If no, proceed to Step 2.
     See 20 C.F.R. 404.1520(b), 416.920(b).

2.   Does the claimant have any medically determinable physical
     or mental impairment(s)? If yes, proceed to Step 3.  If no, the
     claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3.   Does the claimant have any severe impairment(s)--i.e., any
     impairment(s) significantly limiting the claimant's physical or
     mental ability to do basic work activities?  If yes, proceed to

1

07-33  Arthur Branum

> Step 4.  If no, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.   Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5.   Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.   <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.   Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?   If yes, the claimant was not disabled.   If no, proceed to Step 7.   <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

7.   Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?   If yes, the claimant is not disabled.   <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.   Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial

2

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.   20 C.F.R. Section 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

4

or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

07-33  Arthur Branum

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.  In such cases, the agency

6

may be required to consult a vocational specialist.  <u>Damron v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  <u>Varley  v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

### DISCUSSION

The plaintiff, Arthur Branum, was found by an Administrative Law Judge (ALJ) to have "severe" impairments consisting of a seizure disorder, chronic subluxation of the right shoulder, and chronic back pain.  (Tr. 17).  Nevertheless, based in part on the testimony of a Vocational Expert (VE), the ALJ determined that Mr. Branum retained the residual functional capacity to return to his past relevant work as an order filler and deputy jailer, and therefore was not entitled to benefits.  (Tr. 19-22).  The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ asked the VE whether a person of Mr. Branum's age, education, and work experience could perform any jobs if he were limited to "medium" level work, and also had the following non-exertional impairments.  (Tr. 264).  He: (1) could not perform any overhead reaching on the right side or use his right, dominant hand above shoulder level; (2) could not climb any ladders or scaffolds; and (3) could not be exposed to hazardous machinery or

7

heights.  (Id.).  The VE testified that with these restrictions, the plaintiff could perform his past work as order filler and deputy jailer.  (Id.).  If the hypothetical were modified to include a restriction to absolutely no driving of vehicles, the VE testified that the plaintiff could still perform the jobs, although getting to and from work might be a problem.  (Tr. 265).

On appeal, this court must determine whether the administrative decision is supported by substantial evidence.

Mr. Branum alleged disability due to a back and shoulder injury, high blood pressure, and headaches, saying that he could hardly use his right arm and could not even make a fist.  (Tr. 72).  At the administrative hearing, however, he testified that the primary reason that he could not work was seizures, which were only partially controlled by medication.  (Tr. 246-7).  Mr. Branum testified that his right shoulder injury dated from 1993, and, although it had become progressively worse, he would still be working if it were not for his seizure disorder.  (Tr. 248, 260).

The hypothetical factors chosen by the ALJ are consistent with limitations noted by Dr. Marlyce Hill Ali, who conducted a consultative examination of Mr. Branum on July 6, 2005.  (Tr. 147).  She noted elevated blood pressure, a limited range of motion in the right shoulder and pain in the right arm with decreased sensation to light touch.  (Tr. 149).  He had a normal grip and could make a fist easily without pain.  (Id.).  Dr. Ali concluded that Mr. Branum would have difficulty

carrying and lifting objects, and handling objects, but was not more specific.  (Tr. 150).  A state agency source completed a physical residual functional capacity assessment which was consistent with the ALJ's non-exertional restrictions.  (Tr. 153-60).  Although this report is unsigned, no other source listed specific restrictions greater than found by the ALJ.  Nor does the plaintiff specifically challenge the hypothetical restrictions.

The plaintiff's sole argument on appeal is that his treating family physician, Dr. Paul Pedersen, completed a form on May 25, 2006 indicating that Mr. Branum met the Commissioner's Listings of Impairment (LOI) 11.02, which covers "convulsive epilepsy," and 11.03, covering "non-convulsive epilepsy."  (Tr. 224). However, LOI 11.02 requires epileptic episodes occurring more than once a month in spite of at least three months of prescribed treatment, and 11.03 requires episodes more frequently than once weekly in spite of at least three months of prescribed treatment.  Office notes from Dr. Pedersen and other providers show that, although Mr. Branum had been prescribed the medications Phenytek and Dilantin for his seizures, blood testing showed that he was never anywhere near the therapeutic range.  (Tr. 181, 186-8, 200).  Additionally, the most recent note of an office visit to Dr. Pedersen, dated March 10, 2006, indicates that Mr. Branum had only one "possible seizure" since his previous office visit on December 20, 2005. (Tr. 181-2).  His Dilantin level had been low, according to lab work from the prior

07-33  Arthur Branum

visit, but in any case, he clearly was not having seizures with the frequency which would meet a Listing.  Under the circumstances, the ALJ could reasonably have chosen to conclude that the treating physician's opinion was not supported by sufficient evidence to be given controlling weight.  Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985).

The decision will be affirmed.

This the 30th day of November, 2007.


Signed By:

G. Wix Unthank

United States Senior Judge